## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| VALERIE SIMPSON,<br>　　　　　　Appellant,<br><br>　　　　v.<br><br>DEPARTMENT OF VETERANS<br>　　AFFAIRS,<br>　　　　　　Agency. | DOCKET NUMBER<br>PH-0714-18-0410-B-1<br><br><br>DATE:  March 9, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Valerie Simpson, Wilmington, Delaware, pro se.

Stacey R. Conroy, Esquire, Philadelphia, Pennsylvania, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the remand initial decision, which affirmed her removal taken under the authority of the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017 (VA Accountability Act), Pub. L. No. 115-41, § 202(a), 131 Stat. 862, 869-73 (codified as amended at 38 U.S.C. § 714).  On petition for review, the appellant

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

argues, among other things, that the administrative judge erred in not considering new evidence and that the agency subjected her to whistleblower retaliation. Petition for Review (PFR) File, Tab 1 at 2-5.[2] Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

Effective July 27, 2018, the appellant was removed from Federal service based on a charge of conduct unbecoming after taking two jewelry sets from a vendor located in the VA Medical Center. *Simpson v. Department of Veterans Affairs*, MSPB Docket No. PH-0714-18-0410-I-1, Initial Appeal File (IAF), Tab 4 at 5-8, 11-13. In the initial decision, the administrative judge found that the agency proved its charge by substantial evidence, and although the Board

---

[2] After the agency filed a response and the period for the appellant to reply had expired, the appellant filed a motion for leave to file an additional pleading, requesting that the Board correct several alleged typographical errors in the initial decision. PFR File, Tab 5. The appellant has not established how the correction of typographical errors impacts the outcome of this appeal, and therefore we deny the appellant's motion. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (explaining that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

remanded the appeal on other grounds, it affirmed the administrative judge's findings on the merits of the charge. *Simpson v. Department of Veterans Affairs*, MSPB Docket No. PH-0714-18-0410-1-1, Remand Order, 5-6 (Mar. 13, 2024).

While the remanded appeal was pending before the administrative judge, the appellant sought to introduce a letter from the aforementioned vendor, dated July 22, 2018, claiming that the incident was the result of a "miscommunication" between her and the appellant. *Simpson v. Department of Veterans Affairs*, MSPB Docket No. PH-0714-18-0410-B-1, Remand Appeal File (RAF), Tab 13 at 5. Reviewing the appellant's testimony, the administrative judge concluded that the letter was not authentic and gave it "no weight," finding that, although the appellant testified that she received the letter on July 22, 2018, she did not introduce it in the underlying appeal despite having ample opportunity to do so. RAF, Tab 18, Remand Initial Decision (RID) at 6-7. On review, the appellant asserts that the letter is authentic but claims that she does not know why it was omitted from the underlying appeal. PFR File, Tab 1 at 1-2.

An administrative judge has wide discretion to control the proceedings, including ruling on exhibits and excluding irrelevant, immaterial, or unduly repetitious material. *See Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 10 (2010). The Board will not overturn the administrative judge's rulings absent a showing of an abuse of discretion. *Id.* In order to obtain a reversal of a remand initial decision based upon an abuse of discretion, the petitioning party must show that the resulting error affected the outcome of the case. *Id.* We do not find that the administrative judge abused his discretion. First, we agree with the administrative judge that the appellant has not sufficiently explained the

omission of the letter from the underlying appeal.[3]  RID at 6-7.  Furthermore, as the administrative judge found, the weight of the evidence establishes that the appellant engaged in the misconduct as alleged and the letter does not negate this finding.  RID at 6, 8, 11-12; RAF, Tab 13 at 5.  Thus, because the appellant has not shown that the letter would have impacted the outcome of this case, she is not entitled to a reversal based on abuse of discretion.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[3] To the extent that the appellant claims that her former attorney was responsible for the omission of the letter in the underlying appeal, it is well established that an appellant is responsible for the errors of her chosen representative.  *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981).  Furthermore, there is no evidence that the appellant attempted to correct the omission despite her participation in the underlying appeal.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

<u>receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.